UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| In re ) | | Chapter 13 |
|   LINDA LYNN-WEAVER ) | | Case No. 06-11544-fjb |
|     Debtor ) | | |
| ------------------------------------------------------) | | |
| LINDA LYNN-WEAVER, ) | | Adv. No. |
|   Plaintiff ) | | |
|   v. ) | | |
| TOWN OF MILTON, MASSACHUSETTS,) | | |
|   Defendant ) | | |

COMPLAINT FOR DECLARATORY JUDGMENT AND ACCOUNTING

The Debtor brings this action to determine the rights of the parties relative to misapplication of payments on account of water and sewer charges by the Town of Milton during this case, which has caused her mortgage servicer to greatly increase her monthly payments for escrow items and placed her in imminent risk of default on her mortgage.

JURISDICTION AND VENUE

1. On May 24, 2006, the Debtor, LINDA LYNN-WEAVER filed a voluntary petition under Chapter 13 of the Bankruptcy Code, case number 06-11544, in the Eastern Division of the United States Bankruptcy Court for the District of Massachusetts.

2. This court has subject matter jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b) and Local Rule 201 of the United States District Court for the District of Massachusetts. Venue is proper in this court pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding arising from a failure by the Defendant to properly apply payments received from the Chapter 13 Trustee and directly from the Debtor in accordance with a confirmed plan.

## PARTIES

4. The Plaintiff is a natural person residing at 225 Blue Hills Parkway, Milton, MA 02186, and is the Debtor in this case.

5. The Defendant Town of Milton (the Town) is a body corporate chartered by c. 27 of the Massachusetts Acts of 1927 and having the power to sue and be sued under the name Town of Milton.

## FACTS

6. The Town supplies water and sewer services to the Debtor's residence.

7. At the time the Debtor filed her schedules in the bankruptcy case, she believed that she owed the Town $1,717.00 for unpaid water and sewer charges on May 24, 2006. She now believes that the amount actually owing was $821.85.

8. The court confirmed the Debtor's Second Amended Chapter 13 Plan on July 9, 2007. [Doc. # 109] The Plan directed the Chapter 13 Trustee to pay the Town $1,717.00 and stated that the Debtor would make direct payments to the Town for water and sewer charges. [Doc. # 63] The order confirming the plan stated that "[t]he Town of Milton is retaining its lien on 225-227 Blue Hills Parkway, Milton, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with The Town of Milton. The Town of Milton will be paid its pre-petition arrearage in the sum of $1,717.00 over 52 months in the sum of $33.02 per month." [Doc. # 109]

9. This court and the Debtor served notices addressed to "Town of Milton, Legal Department, 525 Canton Ave., Milton, MA 02186-3240" of the filing of the bankruptcy case, of the filing of the Debtor's original Chapter 13 Plan, and of the Debtor's Modified and Second Amended Chapter 13 Plans. [Doc. # 7, 10-1, 28, 65]

10. The Town neither objected to any of the provisions of any of the Chapter 13 Plans filed by the Debtor nor filed a proof of claim.

11. During the period September 7, 2007 through June 7, 2009, the Chapter 13 Trustee made payments to the Town totaling $1,512.42.

12. On July 15, 2009, the Debtor filed a Fourth Amended Plan, in which she provided that "[t]he Trustee will make no more payments to the Town of Milton, which never filed a proof of claim. . . . To the extent pre-petition water & sewer bills remain unpaid, they shall survive this case." [Doc. # 129] The Debtor served the Town with a copy of this plan. [Doc. # 131]

13. The court confirmed the Debtor's Fourth Amended Plan on October 30, 2009. [Doc. 146] The confirmation order states in relevant part that "[t]he secured claim of the Town of Milton in the amount of $1,717.00 is changed to the amount of $1,512.42 and has been paid. The Trustee shall make no further payments to the Town of Milton. . . . In all other respects, the previous Order confirming the plan dated July 9, 2007 is in full effect." [*Id.*] The Town once again neither objected to the plan nor filed a claim.

14. The Debtor completed payments under her plan on April 23, 2010. This court entered an order discharging the debtor under 11 U.S.C. § 1328 on June 4, 2010. [Doc. 158] The court served notice of the discharge on the Town. [Doc. 158]

15. On information and belief, the Town actually received the notices referred to in paragraphs 9, 12, and 14.

16. During the period May 6, 2006 through April 23, 2010, the Debtor made payments to the Town that the Debtor believed would be applied to her post-petition obligations.

Case 11-01292   Doc 1   Filed 09/29/11   Entered 09/29/11 11:23:11   Desc Main
                    Document      Page 4 of 5

17. On information and belief, the Town misapplied payments received from the Chapter 13 Trustee to post-petition obligations, misapplied payments received directly from the Debtor to pre-petition obligations, and added interest and other charges to the Debtor's account because the Town's records incorrectly indicated that the Debtor was in default.

18. In about September 2010, the Town asserted an underpayment of $4,569 and threatened to record a lien. The servicer of the Debtor's mortgage paid the alleged deficiency and increased the Debtor's monthly payment from $2,939.36 to $3,314.06.

19. During February 2011, the Debtor's attorney corresponded with Kevin Mearn, Town Administrator, in an effort to learn details about the Debtor's account in order to prepare an accurate statement of the account. The records proffered by Mr. Mearn are in a format that does not conduce to understanding, and Mr. Oney was unable to reach any conclusion as to whether the Town's account is correct or the amount, if anything, that the Debtor owes the Town.

20. In September 2011, the Town issued a notice of lien in the amount of $791.65 for water and sewer charges incurred from July 1, 2010 through June 30, 2011 and demanded payment by November 14, 2011.

21. On information and belief, the servicer of the Debtor's first mortgage will pay the amount alleged by the Town to be due and will thereupon increase the Debtor's monthly payment to cover the payment as an escrow item. The Debtor anticipates being unable to afford the increased payment.

COUNT 1
REQUEST FOR DECLARATION OF RIGHTS AND ACCOUNTING

22. The Debtor believes that the Town has incorrectly computed the amount due to the Town for water and sewer charges and states on information and belief that the Town has been unjustly enriched as a result of its misapplication of funds during the entire post-petition period.

WHEREFORE the Debtor requests that this court might order the Town to render an accounting of the Debtor's water and sewer account and to declare the rights of the parties relative thereto. In the event that the court determines that the Town has violated either 11 U.S.C. § 362(k) or 524(c), the Debtor demands judgment against the Town on account of such violation.

COUNT 2
REQUEST FOR ATTORNEY'S FEES

23. The Debtor is entitled to recover from the Town the reasonable fees of her attorney in prosecuting this action under one or more of 11 U.S.C. § 105(a), 362(k), or 524(c).

WHEREFORE the Debtor demands judgment against the Town for the reasonable fees of her attorney in prosecuting this action.

Dated: September 29, 2011

           LINDA LYNN-WEAVER, by her attorney

           /s/ Walter Oney
           Walter Oney (BBO # 379795)
           4 Longfellow Place
           Boston, MA 02114
           Tel.: (617) 227-5620
           Fax: (617) 227-5760